1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NATIONAL LABOR RELATIONS BOARD,            )
                                            )
                    Petitioner,             )     Case No.  2:12-cv-01747-LRH-CWH
                                            )
vs.                                         )     **ORDER**
                                            )
LORI IRISH,                                 )
                                            )
                    Respondents.            )
_____    )

This matter is before the Court on Respondent Lori Irish's ("Irish") Motion to Hold the NLRB in Contempt (#45), Motion to Require this Court to Approve Any Subpoenas the NLRB Issues (#46), Motion for Immediate Release of Funds (#47), and Motion in Opposition to Having Karina Ghadyan Supplying Any Additional Documents (#48), all filed on August 28, 2013.  The Court also considered Petitioner National Labor Relations Board's ("NLRB") Response (#49), filed on September 4, 2013, and Irish's Reply (#50), filed on September 6, 2013.

**BACKGROUND**

This is an action brought by the NLRB to obtain a post-judgment writ of garnishment against Irish.  The debt underlying the NLRB's application is based on an August 10, 2011 judgment issued by the Ninth Circuit. *See* Ex Parte Application #2, 3.  On October 30, 2012, the Court granted NLRB's Ex Part Motion for Order Directing Issuance of Clerk's Notice of Garnishment. *See* Order #15.  On November 6, 2012, this case was closed.  On November 13, 2012, Irish filed a Motion for Release of Seized Funds (#18), which is pending before the Court. Additionally, on August 28, 2013, Irish filed the four motions at issue in this Order contending that the NLRB has engaged in discovery misconduct that warrants sanctions including holding the NLRB in contempt.  In response, the NLRB argues that it has not violated the Federal Rules of Civil Procedure and no sanctions are warranted.

**DISCUSSION**

**A.      Motion to Hold NLRB in Contempt (#45)**

Irish contends that the Court should find the NLRB in contempt because it violated Federal Rule of Civil Procedure 30 by not notifying her of Karina Ghadyan's ("Ghadyan") deposition or obtaining her agreement to take the deposition by video.  In response, the NLRB contends that Irish was served with a copy of the subpoena by UPS overnight delivery on August 6, 2013.  *See* Defs' Resp. #49, Exh. 1.  Further, the NLRB argues that Irish had notice that the deposition would be conducted by video and should have objected by way of a motion for protective order rather than raising it after the deposition was commenced.  Additionally, the NLRB alleges that Ghadyan's deposition was only necessary because of information learned during Irish's deposition related to a sales agreement that should have been disclosed pursuant to Order #34.  The NLRB insists that it could have filed for sanctions to require Irish to pay for an in-person deposition, but decided to conserve costs and conduct the deposition by video.

Additionally, Irish argues that the NLRB violated Rule 30 in taking her brother's deposition twice.  In response, the NLRB states that it has only taken Phillip Irish's deposition once.  The NLRB alleges that it spoke with Irish's brother several years ago in a related matter, but he was not under oath and it was not a recorded telephone conversation.  The Court finds that Plaintiff has not present sufficient evidence of a violation of Rule 30 much less any prejudice that has been incurred by Plaintiff.  Therefore, the Court declines to impose sanctions under Federal Rule of Civil Procedure 37, including Irish's request to hold NLRB in contempt.

**B.      Motion to Require Court Approval of NLRB Subpoenas (#46)**

Irish also requests that the Court impose an order on the NLRB requiring it to get Court approval before any further Federal Rule of Civil Procedure 45 subpoenas can be issued.  In contrast, the NLRB contends that it has fully complied with Rule 45 in issuing subpoenas and has not subpoenaed any documents from Ghadyan.  Additionally, the NLRB alleges that it requested Irish produce documents responsive to Item 3 of its Amended First Request for Production of Documents related to the transfer of funds, property, or assets to Bridal Elegance from any person or entity during January 1, 2007 to the present.  The NLRB contends that Irish produced no

1    responsive documents, but inconsistently stated in her deposition that all the money used to fund

2    Bridal Elegance came from Lortex Trust.  The Court finds that Plaintiff has failed to provide

3    adequate points and authority to support imposing a requirement on the NLRB that further

4    subpoenas be approved by the Court.  She has cited no authority for this proposition nor

5    demonstrated any conduct by NLRB that would warrant such a requirement.  The Court is not

6    persuaded that the NLRB has violated Rule 45 and finds no justification for imposing sanctions on

7    the NLRB in the form of court-monitored subpoena requests.

8            **C.      Motion for Immediate Release of Funds (#47)**

9            Irish further requests that the Court immediately release the seized funds based on NLRB's

10   repeated violation of the Federal Rules of Civil Procedures.  In response, the NLRB contends that

11   the Court has granted it additional time to respond to Plaintiff's prior motion (#18) seeking this

12   relief and requests that the Court consider that motion when fully briefed.  The Court will deny

13   Plaintiff's request for two reasons.  First, as discussed above, the Court finds that Plaintiff has not

14   established a violation of the Federal Rules of Civil Procedure warranting the imposition of

15   sanctions on NLRB.  Second, Plaintiff's Motion for Release of Seized Funds (#18) is pending

16   before the Court so this motion is duplicative.

17           **D.      Motion in Opposition to Ghadyan's Supplying Documents**

18           Finally, Irish requests that the NLRB be prevented from obtaining documents from

19   Ghadyan.  In opposition, the NLRB asserts that it has not subpoenaed any documents from

20   Ghadyan, but rather, she has agreed to voluntarily produce documents related to her payments made

21   to Irish.  The Court notes that Irish has not provided any authority for her request and has not

22   established a sufficient justification to prevent Ghadyan, a non-party, from voluntarily providing

23   the NLRB with documents related to this action.  Therefore, the Court will not grant Plaintiff's

24   request to prohibit Ghadyan from providing the NLRB with documents in follow-up to her

25   deposition testimony.

26           In conclusion, the Court finds no basis for granting Plaintiff's request for sanctions against

27   the NLRB for alleged discovery misconduct.  As a result, it will likewise deny Plaintiff's request

28   that the Court appoint an attorney for Irish at the NLRB's expense.

1  Based on the foregoing and good cause appearing therefore,

2  **IT IS HEREBY ORDERED** that Respondent Lori Irish's Motion to Hold the NLRB in

3  Contempt (#45) is **denied**.

4  **IT IS FURTHER ORDERED** that Respondent Lori Irish's Motion to Require this Court

5  to Approve Any Subpoenas the NLRB Issues (#46) is **denied**.

6  **IT IS FURTHER ORDERED** that Respondent Lori Irish's Motion for Immediate Release

7  of Funds (#47) is **denied**.

8  **IT IS FURTHER ORDERED** that Respondent Lori Irish's Motion in Opposition to

9  Having Karina Ghadyan Supplying Any Additional Documents (#48) is **denied**.

10  DATED this 30th day of September, 2013.

11

12

13  _____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4