UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NATIONAL LABOR RELATIONS BOARD,

      Plaintiff,

v.

LORI IRISH; *et al.,*

      Defendants.

2:12-cv-01747-LRH-CWH

ORDER

    Before the court are defendant Lori Irish's ("Irish") motion to reconsider the court's order denying her motion for release of seized funds (Doc. #55[1]) and objections to the magistrate judge's order (Doc. #56).

**I.    Facts and Background**

    This is an action brought by the National Labor Relations Board ("NLRB") to obtain a post-judgment writ of garnishment against defendant Irish. The debt underlying the NLRB's application is based on an August 10, 2011 judgment issued by the Ninth Circuit. On October 30, 2012, the court granted NLRB's ex-parte motion for an order directing issuance of clerk's notice of garnishment. Doc. #15.

    After this action was closed, Irish filed a motion for release of seized funds (Doc. #18) which was denied by the court with prejudice (Doc. #53). At the same time, the parties filed a

---

[1] Refers to the court's docket entry number.

series of discovery motions which were addressed at length in an order by the magistrate judge. *See* Doc. #54. Thereafter, Irish filed the present motion for reconsideration and objections. Doc. ##55, 56.

**II.     Motion for Reconsideration (Doc. #55)**

Irish brings her motion to reconsider pursuant to Federal Rule of Civil Procedure 60(b). A motion under Rule 60(b) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). A district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. Fed. R. Civ. P. 60(b)(1)–(6); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In her motion for reconsideration, Irish argues that her own mistake and short term memory loss should somehow excuse her failure to comply with the court's June 14, 2013 order directing her to fully comply with the NLRB's discovery requests. *See* Doc. #55. The court disagrees.

At no time in the roughly three months between the court's order to comply and the court's order of dismissal did Irish attempt to comply with the court's order or file any document with the court discussing her inability to comply with the court's order. Further, Irish has shown a continued unwillingness to comply with the NLRB's discovery requests in this action as evidenced by several motions to compel filed by the NLRB. Finally, Irish fails to provide any newly discovered evidence or an intervening change in controlling law that would warrant reconsideration. Accordingly, the court shall deny her motion.

**III.    Objections to Magistrate Judge's Order (Doc. #54)**

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Here, the court has reviewed the documents and pleadings on

file in this matter and finds that the magistrate judge's order is not clearly erroneous or contrary to law. Irish fails to introduce any evidence or point out any legal or factual error in the magistrate judge's order. Accordingly, the court shall affirm the magistrate judge's order.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration (Doc. #55) is DENIED.

IT IS FURTHER ORDERED that defendant's objection to the magistrate judge's order (Doc. #56) is DENIED. The Magistrate Judge's order (Doc. #54) is AFFIRMED.

IT IS SO ORDERED.

DATED this 22nd day of November, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE