UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>    Petitioner,<br><br>  v.<br><br>ADVANCED ARCHITECTURAL METALS, INC.; and its alter egos, ADVANCED METAL, INC.; STEEL SPECIALTIES UNLIMITED, INC.; AAM; and LORI IRISH a/k/a LORI IRISH d/b/a BRIDAL ELEGANCE AND TUXEDOS,<br><br>    Respondents,<br>  and<br><br>JP MORGAN CHASE BANK NA,<br><br>    Garnishee. | 2:12-cv-1747-LRH-CWH<br><br>ORDER |

Before the court is respondent Lori Irish's ("Irish") motion to stop unwarranted harassment of her son Colby Irish, Colby Irish's trusts, and the trustees of his trusts. ECF No. 73. Petitioner National Labor Relations Board ("NLRB") filed an opposition. ECF No. 74.

**I.    Facts and Procedural History**

On August 10, 2011, the United States Court of Appeals for the Ninth Circuit issued a judgment in favor of Petitioner NLRB and against Irish, jointly and severally with the named corporate respondents, in the amount of $1,935,353.40, plus interest. *See* ECF No. 1. To date, NLRB has recovered approximately $317,000.00 from the

corporate respondents, all of which are now defunct. NLRB initiated the present case pursuant to 28 U.S.C. § 1963 in an effort to recover the remaining funds owed. ECF No. 1.

Documents provided to NLRB by Irish in 2013 indicated that Irish served as the trustor, grantor, and trustee of The Lortax Trust ("the trust"), and additionally had power to amend that trust. Furthermore, these documents indicated that the trust holds, or held at that time, certain real and personal property. On July 7, 2015, at a status conference in a different matter, Irish indicated that the trust was terminated and all the benefits were turned over to her son, Colby Irish, as beneficiary of the trust. ECF No. 71 at Exhibit 2. Accordingly, NLRB pursued various discovery actions in attempt to obtain documents related to termination of the trust. Subsequently, Irish filed the present motion to stop unwarranted harassment of Colby Irish, Colby Irish's trusts, and the trustees of his trusts. ECF No. 73.

**II.   Legal Standard**

Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions. *Bernhardt v. L.A. Cnty.,* 339 F.3d 920, 925 (9th Cir. 2003). While *pro se* pleadings are construed liberally, *pro se* litigants are held to the same standards as parties with attorneys and must comply with procedural rules. *See Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986) (stating that pro se litigants in an ordinary civil case should not be treated more favorably than attorneys of record in reference to procedural rules). In her motion, Irish requests monetary damages in the amount of $1,000 as compensation for NLRB's harassment. *See* ECF No. 73. Because Irish is seeking monetary sanctions for NLRB's conduct in seeking further discovery, this court will treat Irish's motion as a motion for sanctions for discovery related issues.

**III.   Discussion**

District courts have broad discretion in imposing discovery sanctions. *Ritchie v. United States*, 451 F.3d 1019, 1026 (9th Cir. 2006). In evaluating the propriety of sanctions, a court looks at all incidents of a party's misconduct. *Adriana Intl. Corp. v.*

*Lewis & Co.*, 913 F.2d 1406, 1411 (9th Cir. 1990); *Halaco Engineering Co. v. Costle*, 843 F.2d 376, 381 (9th Cir. 1988).

Here, the court finds that sanctions for NLRB's conduct are not appropriate. In her motion, Irish complains of numerous document requests from NLRB including a subpoena addressed to Irish's son Colby Irish, the beneficiary of the trust; instances of NLRB attempting to contact Colby Irish directly; and discovery directed at Philip Irish, previous trustee of the trust. *See* ECF No. 73. However, these discovery requests were made in response to and based on a statement Irish herself made about the termination of the trust, as well as documents Irish had previously provided. Furthermore, in her reply, Irish acknowledged that she had inadvertently stated at the prior status conference that the trust was terminated (ECF No. 75), and subsequently, NLRB withdrew its pending discovery requests. *See* ECF No. 76. As such, the conduct Irish complains of is no longer occurring. Therefore, this court finds NLRB's limited and withdrawn actions do not warrant sanctions. Accordingly, this court shall deny Irish's motion.

IT IS THEREFORE ORDERED that respondent's motion to stop unwarranted harassment (ECF No. 73) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of July, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE